
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROYAL BRADFORD KEIFE, on behalf of himself and all others similarly situated, | No. 13-15531 |
| Plaintiff - Appellant, | D.C. No.     3:10-cv-00546-LRH-VPC |
| v. | |
| METROPOLITAN LIFE INSURANCE COMPANY, | MEMORANDUM* |
| Defendant - Appellee. | |

| | |
|---|---|
| BRENDA J. SIMON, on behalf of herself and all others similarly situated, | No. 13-15562 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-00916-LRH-VPC |
| v. | |
| METROPOLITAN LIFE INSURANCE COMPANY, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Larry R. Hicks, District Judge, Presiding

Argued and Submitted June 9, 2015
San Francisco, California

Before: SILVERMAN, GOULD, and HURWITZ, Circuit Judges.

Plaintiffs Royal Bradford Keife and Brenda J. Simon appeal the district

court's entry of summary judgment in favor of Defendant Metropolitan Life

Insurance Company in Plaintiffs' consolidated putative class action. We have

jurisdiction pursuant to 28 U.S.C. § 1291, and we AFFIRM.

We review a district court's grant of summary judgment *de novo*. *Fichman*

*v. Media Ctr.*, 512 F.3d 1157, 1159 (9th Cir. 2008). In the present case, Plaintiffs

bring a sole cause of action against MetLife for breach of contract. "Under Nevada

law, 'the plaintiff in a breach of contract action [must] show (1) the existence of a

valid contract, (2) a breach by the defendant, and (3) damage as a result of the

breach.'" *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 899 (9th Cir. 2013),

*cert. denied*, 134 S. Ct. 2819 (2014) (quoting *Saini v. Int'l Game Tech.*, 434 F.

Supp. 2d 913, 919-20 (D. Nev. 2006)).

Even assuming that MetLife breached the terms of the Federal Employees'

Group Life Insurance Policy by paying the death benefits due by way of a retained

asset account instead of a lump-sum check, Plaintiffs have failed to present

sufficient facts establishing that they have suffered any damages as a result of that alleged breach. Therefore, the district court properly entered summary judgment against Plaintiffs on their claim for breach of contract. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

**AFFIRM.**